# CHARLESTON.

GRACE C. COFFMAN *v.* O. B. COFFMAN

(No. 6436)

Submitted November 12, 1929.  Decided November 19, 1929.

*J. S. McWhorter*, for appellant.
*Revercomb & Revercomb*, for appellee.

MAXWELL, JUDGE:

In this suit the plaintiff seeks to have set aside on the ground of fraud a decree of divorce from bed and board which was awarded to her husband in a divorce suit which he prosecuted against her.

She alleges and testifies that after the divorce suit had been brought and before it came on for a hearing she entered into an agreement with her husband affecting their property rights, and that this was done by her because of an understanding she then had with him that he would not press his suit for divorce.  Further, she says that she did not know until early in the year 1927 that there had been a hearing in the divorce suit on the 13th day of May, 1926, and that the

court had on that day entered a decree awarding to her husband a divorce from bed and board; that between the said two dates they resumed the relation of husband and wife and thereby destroyed the effect of the divorce decree; that she was with her husband on a number of occasions within said period both in the home and elsewhere, although he was not then residing in the home, and that at his solicitation she engaged in sexual intercourse with him several times. He denies both the fraud and the resumption of the marital relation. He says he has had no sexual intercourse with her since the latter part of the year 1925.

No good purpose would be subserved by reciting the evidence. Suffice it to say that the testimony of the then clerk of the circuit court that he showed her the divorce decree as recorded in the proper chancery order book, and the testimony of W. H. Garnett, Esquire, attorney for Mr. Coffman in prosecuting the divorce suit, who says he told Mrs. Coffman some days after court adjourned that the decree of divorce had been entered, overcome her denial that she had any knowledge of the decree until the following year. It also appears that on the day of the hearing of the divorce case she sent a note to the judge of the circuit court with relation to the manner in which she desired the alimony to be paid. She admits signing the note but says she did so at the request of her husband when she was ill and that he "told me a big lie to get me to do it." Whatever may have been the circumstances, it appears from the mere fact of the sending of the note that she must have known that the case was to be heard by the court and she made no protest through counsel or otherwise. As to sexual intercourse following the date of the decree, the evidence of the children of these parties, which is relied on by Mrs. Coffman as corroborating her testimony, is not sufficient to constitute a clear preponderance in her favor, in the light of the husband's denial and the explanations offered by him. It seems that following the date of the decree he sometimes called at the home; in fact, the divorce decree gave him the privilege of visiting the children, and they say that on one of those occasions they saw him with his clothes

on on their mother's bed, she being ill at the time. Defendant says the plaintiff sent for him to come to see her on that occasion with reference to his taking care of the children if she should die; that on entering the room he took a seat on another bed, whereupon she asked him to sit on her bed. The testimony also shows that on one occasion when defendant was taking his daughter and one of his sons to Charleston to make some purchases they took the plaintiff along and that at a hotel she and the daughter occupied a bedroom adjoining the room of defendant and his son. None of the children testifies to seeing any actions tending to indicate that the parties were indulging in intercourse. These circumstances are not such as to be controlling in establishing the fact of sexual intercourse which is affirmed by the wife and denied by the husband.

The trial chancellor found against the plaintiff and dismissed her bill. On the contradictory evidence presented by the record we cannot say that the finding was against a plain preponderance of the evidence. In such situation an appellate court should not interfere with a decree. "In equity the findings of fact of the trial chancellor will not be disturbed on appeal unless at variance with undisputed evidence or contrary to the plain preponderance of the whole evidence." *Linger* v. *Watson,* recently decided by this Court, and cases there cited.

The decree of the circuit court is affirmed.

*Affirmed.*